

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICAN HOME MORTGAGE SERVICING, INC., on its own behalf and as Servicer for American Home Mortgage Investment Trust 2005-4A, American Home Mortgage Investment Trust 2006-1, American Home Mortgage Investment Trust 2006-3, American Home Mortgage Investment Trust 2007-1, American Home Mortgage Asset Trust 2006-1, American Home Mortgage Asset Trust 2006-3, American Home Mortgage Asset Trust 2006-4, American Home Mortgage Asset Trust 2006-5, and American Home Mortgage Asset Trust 2006-6, <br><br> Plaintiff, <br><br> vs. <br><br> TRIAD GUARANTY INSURANCE CORP., <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> 3-09CV2363-M |

## COMPLAINT

Plaintiff, American Home Mortgage Servicing, Inc., on its own behalf and as Servicer for American Home Mortgage Investment Trust 2005-4A, American Home Mortgage Investment Trust 2006-1, American Home Mortgage Investment Trust 2006-3, American Home Mortgage Investment Trust 2007-1, American Home Mortgage Asset Trust 2006-1, American Home Mortgage Asset Trust 2006-3, American Home Mortgage Asset Trust 2006-4, American Home Mortgage Asset Trust 2006-5, and American Home Mortgage Asset Trust 2006-6, files this Complaint for Damages, Declaratory Judgment, and Injunction and in support thereof alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action seeking damages arising out of Triad Guaranty Insurance Corp.'s breach of its contractual obligations to pay losses due to defaults on loans by borrowers under the terms of fifteen mortgage insurance policies, damages arising out of Triad's breach of its obligation of good faith and fair dealing under Texas law and the mortgage insurance policies, a declaration that the Policies prohibit denial of claims in the absence of prejudice, and an order enjoining Triad from future violations of the Policies.

## II. PARTIES

2. Plaintiff American Home Mortgage Servicing, Inc. ("Plaintiff" or "AHMSI"), is a Delaware corporation with its principal place of business in Dallas County, Texas.

3. At all relevant times, Plaintiff serviced home mortgage loans, including loans insured by Triad Guaranty Insurance Corp., that are the subject of this suit. Plaintiff is bringing this action on its own behalf as the named insured, and also as Servicer of the following Trusts:

American Home Mortgage Investment Trust 2005-4A,

American Home Mortgage Investment Trust 2006-1,

American Home Mortgage Investment Trust 2006-3,

American Home Mortgage Investment Trust 2007-1,

American Home Mortgage Asset Trust 2006-1,

American Home Mortgage Asset Trust 2006-3,

American Home Mortgage Asset Trust 2006-4,

American Home Mortgage Asset Trust 2006-5,

and American Home Mortgage Asset Trust 2006-6.

4. Defendant Triad Guaranty Insurance Corp. ("Defendant" or "Triad"), is an Illinois corporation with its principal place of business in North Carolina, that is licensed to conduct business as an insurance company in the State of Texas. Its agent for service of process is: National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston, Texas 77062-6212.

5. Triad is in run-off and there is a risk it may not have sufficient funds to pay all valid claims against it going forward.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs. The factual allegations in paragraphs 2-4, above, are incorporated herein by reference.

7. This Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and is licensed by the Texas Department of Insurance. Tex. Civ. Prac. & Rem. Code § 17.042(1).

8. Venue is proper in this District because a substantial part of the events giving rise to the claim occurred in this District and Defendant is a corporation subject to personal jurisdiction in this District. 28 U.S.C. § 1391(a), (c).

### IV. FACTS AND RELIEF REQUESTED

9. In exchange for an agreement to pay premiums, and other consideration, Triad issued many first lien mortgage insurance policies (the "Policies") to AHMSI as Servicer for the benefit of several Trusts that held securities backed by the first lien mortgage loans.

10. All of the Policies are subject to the terms and conditions of Master Policy No. 43-0216-0020 ("Master Policy") or other Master Policies (the "Policies") with the same key terms, including Master Policy No. 43-0216-0026. A true and correct copy of Master Policy No. 43-0216-0020 is attached hereto as Exhibit A, and a true and correct copy of Master Policy No. 43-0216-0026 is attached hereto as Exhibit B.

11. Pursuant to the terms of its Policies, Triad considers the Servicer to be the agent of the insured with respect to all matters involving the Master Policy. Accordingly, AHMSI has the right to file this action on behalf of the Trusts, which are the insureds under the Policies.

12. AHMSI sent Triad monthly premiums for each of the mortgage insurance policies at issue in this litigation and Triad received the benefit of such premiums.

13. In early 2009, Triad began denying claims made by AHMSI based variously upon AHMSI's alleged failure to obtain Triad's approval prior to selling the underlying property, or upon AHMSI's allegedly filing claims more than 60 days after a foreclosure sale.

14. In many cases, Triad denied a claim as "late," even though the claim was filed fewer than 60 days after the foreclosure deed was recorded.

15. The claims denied as "late" or for alleged failure to obtain approval prior to sale are set forth in Paragraphs 31-80, *infra*.

16. In all cases, including those where AHMSI allegedly filed a "late" claim, AHMSI timely notified Triad whenever an underlying mortgage was in default for 45 days, pursuant to Master Policy paragraph IV.A.

17. In all cases where AHMSI notified Triad of a default, AHMSI continued to provide monthly status reports to Triad pursuant to the Policies. *See, e.g.*, Master Policy paragraph IV.B.

18. Triad was therefore on notice of its potential liability and had the opportunity to investigate, prior to any sale of the underlying property.

19. Triad was therefore on notice of the impending sale, whether by foreclosure or otherwise, in each of the cases where Triad denied coverage for alleged violations of the Policies at issue.

20. Despite an established course of conduct in its relationship with AHMSI, Triad changed its claims handling practices arbitrarily, retroactively, and without notice to AHMSI.

21. Triad changed its claims handling practices because being in run-off meant that policies adopted in order to nurture business relationships were no longer useful to it.

22. Triad did not notify AHMSI of this change prior to the time it began denying claims, nor in fact at any time until AHMSI challenged Triad's posture. Prior to that time, Triad paid claims despite lack of prior approval for a sale or the filing of a claim more than 60 days after a foreclosure sale.

23. When AHMSI challenged Triad's new practice of denying such claims, Triad admitted in correspondence with AHMSI that the denials reflect a change in practice.

24. Triad was not prejudiced by any failure to obtain its approval prior to a sale.

25. Triad was not prejudiced by any claim being filed more than 60 days after a foreclosure sale.

26. Triad has never asserted that it was prejudiced by AHMSI's alleged failure to obtain approval prior to selling underlying properties or by formal claims being filed more than sixty days after the recordation of the deed from a foreclosure sale.

27. AHMSI notified Triad by letter that it did not accept the denial of its claims because, among other reasons, Triad was not prejudiced by any alleged failure to comply with policy terms.

28. Triad then reiterated its denial of the claims without addressing AHMSI's assertion that Triad was not prejudiced.

29. To the extent Triad may claim to have been prejudiced by AHMSI's alleged failure to comply with policy terms, Triad would not be entitled to deny AHMSI's claims outright, but rather only to reduce the claim by the amount by which it was allegedly prejudiced.

30. Triad's failure to address AHMSI's objections to its denials and Triad's attempt to gain a windfall by denying claims in their entirety rather than reducing the claim to the extent of any alleged prejudice was undertaken in bad faith.

**Claims Denied as "Late"**

31. Mortgage loan number 0030728034 is insured by Triad under Certificate Number 05-36597 for the benefit of AHMSI and American Home Mortgage Investment Trust 2005-4A. The mortgage went into default and the underlying property was sold in foreclosure. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

32. On September 14, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that the claim was allegedly filed more than 60 days after AHMSI's acquisition of title to the underlying properties and the expiration of any redemption rights.

33. Triad was not prejudiced by any alleged failure to timely file this claim and has not claimed otherwise.

34. Mortgage loan number 0031362072 is insured by Triad under Certificate Number 06-37789 for the benefit of AHMSI and American Home Mortgage Assets Trust 2006-6. The

mortgage went into default and the underlying property was sold in foreclosure. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

35. On September 14, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that the claim was allegedly filed more than 60 days after AHMSI's acquisition of title to the underlying property and the expiration of any redemption rights.

36. Triad was not prejudiced by any alleged failure to timely file this claim and has not claimed otherwise.

37. Mortgage loan number 0031363039 is insured by Triad under Certificate Number 06-38098 for the benefit of AHMSI and American Home Mortgage Assets Trust 2006-6. The mortgage went into default and the underlying property was sold in a short sale. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

38. On September 14, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that it was allegedly filed more than 60 days after AHMSI's acquisition of title to the underlying property and the expiration of any redemption rights.

39. Triad was not prejudiced by any alleged failure to timely file this claim and has not claimed otherwise.

40. Mortgage loan number 0031373012 is insured by Triad under Certificate Number 06-38799 for the benefit of AHMSI and American Home Mortgage Assets Trust 2006-6. The mortgage went into default and the underlying property was sold in foreclosure. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

41. On September 14, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that it was allegedly filed more than 60 days after AHMSI's acquisition of title to the underlying property and the expiration of any redemption rights.

42. Triad was not prejudiced by any alleged failure to timely file this claim and has not claimed otherwise.

43. Mortgage loan number 0031283955 is insured by Triad under Certificate Number 88-82800 for the benefit of AHMSI and American Home Mortgage Assets Trust 2006-4. The mortgage went into default and the underlying property was sold in a short sale. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

44. On October 1, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that it was allegedly filed more than 60 days after AHMSI's acquisition of title to the underlying property and the expiration of any redemption rights.

45. Triad was not prejudiced by any alleged failure to timely file this claim and has not claimed otherwise.

### Claims Denied as "Late" Filed Within 60 Days of Recordation of Title

46. Mortgage loan number 0031393457 is insured by Triad under Certificate Number 0640718 for the benefit of AHMSI and American Home Mortgage Investment Trust 2006-3. The mortgage went into default and the underlying property was sold in a short sale. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

47. On June 16, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that it was allegedly filed more than 60 days after AHMSI's acquisition of title to the underlying property and the expiration of any redemption rights.

48. In fact, the claim under Certificate Number 0640718 was filed within 60 days after recordation of AHMSI's acquisition of title to the underlying property.

49. Triad was not prejudiced by any alleged failure to timely file this claim and has not claimed otherwise.

50. Mortgage loan number 0031321524 is insured by Triad under Certificate Number 8885126 for the benefit of AHMSI and American Home Mortgage Assets Trust 2006-5. The mortgage went into default and the underlying property was sold in foreclosure. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

51. On June 30, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that it was allegedly filed more than 60 days after AHMSI's acquisition of title to the underlying property and the expiration of any redemption rights.

52. In fact, the claim under Certificate Number 8885126 was filed within 60 days after recordation of AHMSI's acquisition of title to the underlying property.

53. Triad was not prejudiced by any alleged failure to timely file this claim and has not claimed otherwise.

54. Mortgage loan number 0031336621 is insured by Triad under Certificate Number 0634644 for the benefit of AHMSI and American Home Mortgage Assets Trust 2006-5. The mortgage went into default and the underlying property was sold in foreclosure. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

55. On June 30, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that it was allegedly filed more than 60 days after AHMSI's acquisition of title to the underlying property and the expiration of any redemption rights.

56. In fact, the claim under Certificate Number 0634644 was filed within 60 days after recordation of AHMSI's acquisition of title to the underlying property.

57. Triad was not prejudiced by any alleged failure to timely file this claim and has not claimed otherwise.

58. Mortgage loan number 0031555626 is insured by Triad under Certificate Number 8897827 for the benefit of AHMSI and American Home Mortgage Investment Trust 2007-1. The mortgage went into default and the underlying property was sold in foreclosure. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

59. On June 30, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that it was allegedly filed more than 60 days after AHMSI's acquisition of title to the underlying property and the expiration of any redemption rights.

60. In fact, the claim under Certificate Number 8897827 was filed within 60 days after recordation of AHMSI's acquisition of title to the underlying property.

61. Triad was not prejudiced by any alleged failure to timely file this claim and has not claimed otherwise.

62. Mortgage loan number 0031558364 is insured by Triad under Certificate Number 88-97860 for the benefit of AHMSI and American Home Mortgage Investment Trust 2007-1. The mortgage went into default and the underlying property was sold in foreclosure. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

63. On July 16, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that it was allegedly filed more than 60 days after AHMSI's acquisition of title to the underlying property and the expiration of any redemption rights.

64. In fact, the claim under Certificate Number 88-97860 was filed within 60 days after recordation of AHMSI's acquisition of title to the underlying property.

65. Triad was not prejudiced by any alleged failure to timely file this claim and has not claimed otherwise.

**Claims Denied for Alleged Failure to Obtain Pre-Sale Approval**

66. Mortgage loan number 0030983118 is insured by Triad under Certificate Number 8864668 for the benefit of AHMSI and American Home Mortgage Assets Trust 2006-1. The mortgage went into default and was acquired by AHMSI and sold to a third party. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

67. On April 28, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that AHMSI allegedly failed to obtain approval from Triad before selling the underlying property to a third party.

68. Triad was not prejudiced by any alleged failure to obtain approval in connection with this claim and has not claimed otherwise.

69. Mortgage loan number 0031196082 is insured by Triad under Certificate Number 88-77098 for the benefit of AHMSI and American Home Mortgage Assets Trust 2006-3. The mortgage went into default and was acquired by AHMSI and sold to a third party. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

70. On April 28, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that AHMSI allegedly failed to obtain approval from Triad before selling the underlying property to a third party.

71. Triad was not prejudiced by any alleged failure to obtain approval in connection with this claim and has not claimed otherwise.

72. Mortgage loan number 0031271265 is insured by Triad under Certificate Number 0628324 for the benefit of AHMSI and American Home Mortgage Assets Trust 2006-4. The mortgage went into default and was acquired by AHMSI and sold to a third party. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

73. On April 28, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that AHMSI allegedly failed to obtain approval from Triad before selling the underlying property to a third party.

74. Triad was not prejudiced by any alleged failure to obtain approval in connection with this claim and has not claimed otherwise.

75. Mortgage loan number 0030780407 is insured by Triad under Certificate Number 88-62586 for the benefit of AHMSI and American Home Mortgage Investment Trust 2006-1. The mortgage went into default and was acquired by AHMSI and sold to a third party. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

76. On April 29, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that AHMSI allegedly failed to obtain approval from Triad before selling the underlying property to a third party.

77. Triad was not prejudiced by any alleged failure to obtain approval in connection with this claim and has not claimed otherwise.

78. Mortgage loan number 0031177843 is insured by Triad under Certificate Number 88-76722 for the benefit of AHMSI and American Home Mortgage Assets Trust 2006-3. The mortgage went into default and was acquired by AHMSI and sold to a third party. AHMSI filed a proper claim for the insured portion of the loss on the mortgage.

79. On April 29, 2009, Triad notified AHMSI that it was denying AHMSI's claim upon the sole basis that AHMSI allegedly failed to obtain approval from Triad before selling the underlying property to a third party.

80. Triad was not prejudiced by any alleged failure to obtain approval in connection with this claim and has not claimed otherwise.

## COUNT I
### Breach of Contract

81. Paragraphs 1-80 are incorporated herein by reference.

82. There exist and at all relevant times existed valid contracts of insurance between AHMSI (itself and as Servicer of the Trusts) and Triad, obligating Triad to pay a certain percentage of the losses on certain defaulted home mortgages.

83. AHMSI gave Triad valuable consideration and complied with all material terms of the contracts and made valid claims for losses that it and the Trusts suffered.

84. Triad breached the contracts at issue by summarily denying AHMSI's valid claims, as set forth *supra*, Paragraphs 31-80.

85. As a result of Triad's breach, AHMSI and the Trusts for which it is Servicer suffered damages, including but not limited to the amount of the claims, and the costs of pursuing this action, including reasonable attorneys' fees.

## COUNT II
### Breach of Duty of Good Faith and Fair Dealing

86. Paragraphs 1-80 are incorporated herein by reference.

87. At the time of their denials, and at the time Triad rejected AHMSI's appeals of their denials, it was reasonably clear that AHMSI's claims at issue were and are covered under the relevant Policies.

88. At all relevant times, Triad knew or should have known that coverage for said claims was reasonably clear.

89. Triad failed to conduct a thorough and good faith investigation of AHMSI's claims in question, instead summarily denying them.

90. Triad failed to effectuate a prompt fair and equitable settlement of AHMSI's claims, adjusting them for any prejudice it has suffered, instead denying them *in toto*.

91. These actions by Triad all violate the common law duty of good faith and fair dealing that Triad, as an insurer, owes AHMSI and the Trusts.

92. As a result of the above-described actions, Plaintiff has suffered damages, including but not limited to the amounts it is entitled to under the Policies discussed in Paragraphs 31-80, *supra*, plus interest, substantial expenditure of resources to investigate and challenge the denials, and attorney's fees.

## COUNT III
### Declaratory Judgment

93. Paragraphs 1-80 are incorporated herein by reference.

94. There exists an actual controversy between AHMSI and Triad as to the interpretation of the Policies and Triad's ability to deny claims for procedural reasons even in the absence of prejudice to the insurer.

95. Plaintiff is entitled to a Declaratory Judgment, pursuant to 28 U.S.C. § 2201(a), stating that Triad cannot deny a claim under the Policies in its entirety solely because the claim is filed more than 60 days after the recordation of the foreclosure deed, nor solely because the insured did not secure permission before selling the underlying property, nor for any other reason, absent prejudice to the insurer, and that when the insurer can show prejudice, it may not deny the relevant claims *in toto*, but rather must pay the entire claim, adjusted by the amount by which the insurer was prejudiced.

\*

\*

\*

## INJUNCTIVE RELIEF

96.   Paragraphs 1-95 are incorporated herein by reference.

97.   AHMSI is Servicer for the holders of many mortgage insurance certificates, issued by Triad, still in force for which a claim is not ripe, many of which will potentially give rise to claims similar to those at issue here.

98.   Because of Triad's financial position, AHMSI would be prejudiced, with no adequate remedy at law, by future contractual violations.

99.   AHMSI is entitled to an order enjoining Triad from denying claims in the future without establishing prejudice.

**ACCORDINGLY**, AHMSI requests that the Court recover judgment from Defendant as follows:

a. Actual damages

b. Reasonable attorneys' fees;

c. Pre- and post-judgment interest as allowed by law;

d. Court costs;

e. A declaration that Triad may not deny claims in the absence of demonstrated prejudice;

f. An order enjoining Triad from further contractual violations; and

g. Such other relief as the Court finds just and proper.

\*

\*

\*

\*

TRIAD GUARANTY INSURANCE CO. ("Triad")                                   DEFENDANT

On information and belief, Triad is a wholly-owned subsidiary of Triad Guaranty, Inc., a holding company that is publicly traded on the NASDAQ stock exchange.

American Home Mortgage Investment Trust 2005-4A,

American Home Mortgage Investment Trust 2006-1,

American Home Mortgage Investment Trust 2006-3,

American Home Mortgage Investment Trust 2007-1,

American Home Mortgage Asset Trust 2006-1,

American Home Mortgage Asset Trust 2006-3,

American Home Mortgage Asset Trust 2006-4,

American Home Mortgage Asset Trust 2006-5,

American Home Mortgage Asset Trust 2006-6,

and the investors in said trusts.

*

*

*

Respectfully submitted,

AMERICAN HOME MORTGAGE SERVICING, INC.

By _____

December 11, 2009

Troy W. Garris (Tex. Bar # 24007226)
WEINER BRODSKY SIDMAN KIDER PC

2904 Corporate Circle, Suite 128
Flower Mound, TX 75028
Tel. (469) 635-7539
Fax (972) 410-0209
*garris@wbsk.com*

2