UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICAN HOME MORTGAGE SERVICING, INC., on its own behalf and as Servicer for American Home Mortgage Investment Trust 2005-4A, American Home Mortgage Investment Trust 2006-1, American Home Mortgage Investment Trust 2006-3, AmericanHome Mortgage Investment Trust 2007-1, American Home Mortgage Asset Trust 2006-1, American Home Mortgage Asset Trust 2006-3, American Home Mortgage Asset Trust 2006-4, AmericanHome Mortgage Asset Trust 2006-5, and American Home Mortgage Asset Trust 2006-6, <br><br> Plaintiff <br><br> v. <br><br> TRIAD GUARANTY INSURANCE CORP., <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § Civil Action No. 3:09-cv-2363-M |

### MEMORANDUM IN SUPPORT OF MOTION TO STAY OR TRANSFER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Triad Guaranty Insurance Corp., hereinafter "Triad" or "Defendant", files this Memorandum in Support of Motion to Stay or Transfer, and respectfully shows the Court as follows:

The threshold issue of the validity of the policies and certificates made the basis of this action is pending before the United States Bankruptcy Court for the District of Delaware, in the adversary proceeding styled *Triad Guaranty Insurance Corp., v. American Home Mortgage Investment Corp.*, et al., Adversary Proceeding Number 09-52193, administered under Chapter 11 Case Number 07-

11047, *In re American Home Mortgage Holdings, Inc.* (the "Delaware case"). A true copy of the Complaint in the Delaware case appears in the Appendix to the Motion at pages 1-25. The only policies made the basis of this case, Triad policies 43-0216-0020 and 43-0216-0026 (hereinafter the "Master Policies"), are specifically identified as policies alleged to be void *ab initio* in the Delaware case. See Appendix, page 24, (listing the Master Policies referenced in paragraph 10 of the Complaint in this action, and attached as Exhibits A and B to the Complaint in this action). If Triad obtains the requested relief from the court in the Delaware case, the policies at issue in this action will be of no effect, and the issues in this action will be resolved. Thus, the issues in this case clearly and substantially overlap with issues pending before the Delaware case.

When related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)(district court should transfer second filed case to bankruptcy court in which first filed action is pending). *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.1997); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir.1985). The rule rests on principles of comity and sound judicial administration. *See Save Power*, 121 F.3d at 950; *West Gulf Maritime*, 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime*, 751 F.2d at 729; *Wells Fargo Bank, NA v. West Coast Life Ins. Co.*, 631, F.Supp.2d 844, 846 (N.D. Tex. 2009).

The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar

issues should proceed. *Cadle Co.*, 174 F.3d at 606; *Save Power*, 121 F.3d at 948. The Third Circuit, in which the Delaware Bankruptcy Court sits, also follows the "first to file rule." In *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929-30 (3d Cir.1941), it stated that:

> It was long ago laid down by Chief Justice Marshall as a salutary rule that "[i]n all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it".... The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and effort.

*Id*. *Eastman Medical Products, Inc., v. E.R. Squibb & Sons, Inc.*, 199 F.Supp.2d 590, 596 (N.D. Tex. 2002).

Here, the Delaware case is the first filed case.

The determination of the validity of the Master Policies in the Delaware case is clearly a threshold issue which could be dispositive of the issues in this action. If the Delaware court declares the AHM policies void *ab initio*, then AHMSI's claims that Triad breached the Master Policies or breached any duties under the Master Policies would be moot.

The courts developed the first to file rule to avoid having to make wasteful and potentially inconsistent decisions. *Dallas Aerospace Inc., v. Sierra Pacific Airlines*, 2001 W.L. 880368 (N.D. Tex. 2001)("The first to file rule aims to avoid parallel adjudication of the same claims, duplicative litigation, usurping the authority of sister courts, and "piecemeal resolution" of claims. [Citation omitted.] The main goals of the first to file rule is to foster judicial economy and prevent conflicting judgments."). If this Court proceeds to a determination of this action prior to resolution of the Delaware case, there is a substantial chance that wasteful effort and/or inconsistent outcomes will

result. For instance, if this Court finds that Triad did not breach the Master Policies, and the Delaware court later holds that the Master Policies are void *ab initio*, then the effort of this Court, the parties and their counsel would have been a time- and resource-consuming, wasteful exercise trumped by the determination that the Master Policies were not even enforceable in the first instance. On the other hand, if this Court finds that Triad did breach the Master Policies, but the Delaware court holds that the Master Policies are void *ab initio*, then, this Court's decision would conflict with that of the Delaware court.

The most efficient use of judicial resources would be to stay this action pending resolution of Triad's claims that the Master Policies should be rescinded and are void *ab initio*. A stay of this action pending resolution of the Delaware case avoids the potential of either inconsistent decisions or wasteful determination of this case. Accordingly, Triad respectfully requests that this Court stay this action pending resolution in the Delaware case of Triad's claims that the Master Policies are void *ab initio*.

### ALTERNATIVE MOTION TO TRANSFER

Given that the Delaware case was first filed and the substantial overlap of issues between the Delaware case and this case, in the event that the Court does not choose to stay this case pending resolution of the Delaware case, the proper course of action is for this Court to transfer the case to the Delaware court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed. *Cadle Co.*, 174 F.3d at 606; *Save Power*, 121 F.3d at 948; *Wells Fargo Bank*, 631, F.Supp.2d at 846; *Eastman Medical Products, Inc.*, 199 F.Supp.2d at 596; *Dallas Aerospace Inc.*, 2001 W.L. 880368.

In *Wells Fargo*, this Court was faced with facts that are remarkably similar to the facts of this case. Cases in Florida and Texas involved the same insurance policies. One of the parties sought a declaration of rescission of the relevant insurance policies and a declaration that the policies were void *ab initio*. The cases in Texas and Florida involved many, but not all, of the same parties. In addressing the question whether the cases involved issues that substantially overlapped, this Court stated:

> In addition to seeking the same relief, the suits are based on the same life insurance policies, and the same facts surrounding the applications for these policies. The suits also involve many of the same parties, as all of the Plaintiffs in the Wells Fargo cases are named as defendants in the West Coast complaint, along with other defendants. Finally, the suits involve the same legal issues-the validity of the life insurance policies based on alleged misrepresentations in the applications, and based on the structure of the life insurance policies' ownership and transferability. Given these similarities, it is clear that the suits substantially overlap.

*Wells Fargo*, 631 F.Supp.2d at 847. The Court went on to state:

> As the court in which the first suit was filed, the Florida district court is entitled to determine which forum should hear this dispute. It may grant the motion to transfer to the Northern District of Texas if it agrees that the interests of justice so mandate. The Florida court is also fully capable of applying Texas law to the legal issues in the suits, if it determines that such choice of law is appropriate. The instant case is a classic example of the duplicative and inefficient expenditure of judicial resources that occurs when more than one court is asked to hear the same dispute, and this Court will not further perpetuate such waste by maintaining these suits in the Northern District of Texas.

*Id*. at 848.

As in *Wells Fargo*, going forward with this action simultaneously with the Delaware case would be "a classic example of the duplicative and inefficient expenditure of judicial resources that occurs when more than one court is asked to hear the same dispute..." *Id*. This Court should not perpetuate such waste by maintaining this case in the Northern District, but rather should transfer

this action to Delaware for determination.  The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. *Cadle Co.*, 174 F.3d at 606; *Save Power*, 121 F.3d at 948.

WHEREFORE, for the reasons stated herein, Defendant Triad Guaranty Insurance Corp. respectfully requests that the Court stay this case pending resolution of the Delaware case, or in the alternative, transfer this case to the Bankruptcy Court for the District of Delaware for determination, together with such other and further relief to which it may demonstrate itself justly entitled.

Respectfully submitted,

/s/Vic H. Henry
Vic Houston Henry
TBA No. 09484250

**HENRY ODDO AUSTIN & FLETCHER,**
  **a Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone:  (214) 658-1900
Facsimile:  (214) 658-1919
E-Mail: vhhenry@hoaf.com

**ATTORNEYS FOR DEFENDANT**
**TRIAD GUARANTY INSURANCE CORP.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on counsel for Plaintiff, Troy W. Garris, Esq., Weiner Brodsky Sidman Kider, P.C., 2904 Corporate Circle, Suite 128, Flower Mound, Texas 75028, via the Court's ECF system, on this 2nd day of February, 2010.


                                        /s/Vic H. Henry
                                        Vic Houston Henry